# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ANTOINETTE JARDINE BYRNE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CRUZ COUNTY, PLANNING DEPARTMENT OF SANTA CRUZ COUNTY, and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | Case Number C 09-3729 JF (PVT)<br><br>ORDER[1] DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER<br><br>[re: doc. no. 8] |

　　　　Plaintiff Antoinette Jardine Byrne ("Plaintiff"), proceeding *pro se*, alleges that Defendants Santa Cruz County and Planning Department of Santa Cruz County ("Defendants"), and several of their employees have violated and continue to violate her civil rights and California law through their administration of Santa Cruz County zoning regulations. Plaintiff filed her initial complaint on July 17, 2009, in the Santa Clara Superior Court. On August 14, 2009, Defendants removed the action to this Court and filed their answer to the complaint. On October 13, 2009, Plaintiff filed the instant *ex parte* application for a temporary restraining order

---

[1] This disposition is not designated for publication in the official reports.

("TRO").[2]  Plaintiff seeks an order immediately enjoining Defendants from recording notices of violation of County zoning regulations against any real property; requiring Defendants to provide a hearing to all parties challenging notices of violation; requiring Defendants to change the composition of and procedures used by housing appeals or local appeals boards; requiring the expungement of all recorded notices of violation previously recorded in Santa Cruz County; and requiring Defendants to apply specific state laws, to notify County residents of their right to appeal, and to authorize housing boards to apply state law when it conflicts with County regulations.

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if "*(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R.

---

[2]On October 15, 2009, Plaintiff filed a "Supplemental Supporting Declaration," which the Court also considered before issuing this order.

2

65-1(b).

Plaintiff's affidavit in support of her *ex parte* application states that Defendants' actions will render her homeless if the relief she seeks is not granted. However, even assuming that this is true, Plaintiff makes no showing that such harm will occur before Defendants can be heard in opposition to her application. Moreover, Plaintiff neither describes efforts to give notice to Defendants nor offers any justification for the issuance of a TRO in the absence of such notice.

Because Plaintiff has failed to meet the requirements for the issuance of an *ex parte* TRO, the instant application will be denied without prejudice. Plaintiff may refile her application or renew her arguments on a motion for a preliminary injunction. In either case, Plaintiff will need to allege with greater specificity the nature of the harm she faces, and explain why an order of County-wide application, rather than one applying only to her immediate situation, is necessary to avoid such harm. Plaintiff also must give notice of any renewed application to Defendants or explain why such notice should be excused.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's application for a TRO is DENIED without prejudice.

DATED: October 15, 2009

_____
JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

Dana Maureen McRae    dana.mcrae@co.santa-cruz.ca.us

Jessica Claudine Espinoza    jessica.espinoza@co.santa-cruz.ca.us, csl026@co.santa-cruz.ca.us, csl054@co.santa-cruz.ca.us